USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CABLEVISION SYSTEMS NEW YORK
CITY CORPORATION,

                      Plaintiff,            04 Civ. 9861 (RJH)

      - against -                **DEFAULT JUDGMENT**

JONATHAN ROMERO,

                      Defendant.
----------------------------------------------------------X

This action having been commenced on or about December 15, 2005 by the filing of the Summons and Complaint, and copies of the Summons and Complaint having been served on Jonathan Romero (hereinafter "Romero" or "defendant") on January 10, 2005, pursuant to Fed.R.Civ.P. 4(e)(2) and it further appearing that defendant has failed to appear, answer or otherwise move with respect to the Complaint, and the time for answering the Complaint having expired, and it further appearing that defendant has been provided notice of plaintiff's application for default judgment,

NOW, ~~by the Order to Show Cause of plaintiff, Cablevision Systems New York City Corporation (hereinafter "Cablevision" or "plaintiff") by its attorneys, Lefkowitz, Louis, Sullivan, & Hogan, L.L.P.~~, it is hereby:

**ORDERED ADJUDGED and DECREED** that, pursuant to Fed.R.Civ.P. 55(a), Cablevision shall recover from defendant Romero the damages sustained by it on account of the claims for relief demanded in the Complaint, together with interest and costs of this action, together with reasonable attorneys' fees; and it is further,

**ORDERED ADJUDGED and DECREED** that Cablevision is entitled to a permanent injunction against defendant Romero's unauthorized reception and/or interception of plaintiff's

telecommunications signals as proscribed under 47 U.S.C. §§ 605(a) and 553 (a)(1), which injunction is authorized under 47 U.S.C. §§ 605 (e)(3)(B)(i) and 553 (c)(2)(A) and demanded in plaintiff's Complaint; and it is further,

**ORDERED ADJUDGED and DECREED** that defendant Romero and any of his servants, employees, agents, assigns and any person(s) or entity(ies) in active concert and participation with him are hereby enjoined and restrained from aiding and abetting or engaging in the interception, divulgence, reception or display of the cable television programming, service or signal of plaintiff, whether transmitted by air or by wire, without the express authorization of plaintiff, and are hereby further enjoined and restrained from connecting, attaching, splicing into, tampering with or in any way using the cable wiring of plaintiff for the purpose of obtaining any of the programming services of plaintiff without plaintiff's express authorization and are hereby permanently enjoined and restrained from manufacturing, purchasing, obtaining, utilizing or installing any device or equipment capable of descrambling, intercepting, receiving, decoding or in any way making available the programming and services of plaintiff without plaintiff's authorization; and it is further,

**ORDERED**, that this matter be referred to Magistrate Judge _Katz_ to report and recommend the amount of damages to be awarded to plaintiff together with interest and costs of this action plus reasonable attorneys' fees, if any, pursuant to 47 U.S.C. §§ 605 (e)(2) and 553 (c)(2)(A), as demanded in plaintiff's Complaint.

SO ORDERED: _May 17_, 2005

_____
The Honorable Richard J. Holwell
United States District Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
CABLEVISION SYSTEMS NEW YORK CITY CORP.,

                Plaintiff,

    -against-

JONATHAN ROMERO,
                Defendant.
---------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/05

ORDER OF REFERENCE
TO A MAGISTRATE JUDGE

04 Civ. 9861 (RJH) (THK)

The above entitled action is referred to the designated Magistrate Judge for the following purpose(s):

___ General Pretrial (includes scheduling, discovery, non dispositive pretrial motions, and settlement)

___ Specific Non-Dispositive Motion/Dispute:*
_____
_____

If referral is for discovery disputes when the District Judge is unavailable, the time period of the referral:_____

___ Settlement*

_x_ Inquest After Default/Damages Hearing

___ Consent under 28 U.S.C. § 636(c) for all purposes (including trial)

___ Consent under 28 U.S.C. § 636(c) for limited purpose (e.g., dispositive motion, preliminary injunction)

Purpose:_____

___ Habeas Corpus

___ Social Security

___ Dispositive Motion (i.e., motion requiring a Report and Recommendation)

Particular Motion:_____
_____

All such motions: ____

* Do not check if already referred for general pretrial.

SO ORDERED.

DATED:    New York, New York
            May 17, 2005

_____
United States District Judge